Anne **DE SMETH**, Curator of Dikarpa N.V. S.A., a company in bankruptcy liquidation pursuant to Belgian law, Plaintiffs,

v.

**THE BANK OF NEW YORK,** Defendant.

No. 94 Civ. 2962 (DC).

United States District Court, S.D. New York.

Feb. 27, 1995.

---

Oppenheimer Wolff & Donnelly, New York City by Ted G. Semaya, for plaintiff.

Jean A. Shedlock, New York City, for defendant.

## MEMORANDUM DECISION

CHIN, District Judge.

This is an action to recover damages for an alleged breach of an irrevocable letter of credit issued by defendant Bank of New York ("BONY") in favor of Dikarpa N.V. S.A. ("Dikarpa"), a company in liquidation pursuant to Belgian law. Defendant moves to dismiss or for partial summary judgment dismissing plaintiff's claim for anticipatory repudiation. For the reasons stated below, the motion is granted.

### FACTS

Plaintiff is the curator for Dikarpa which, prior to its bankruptcy, was in the business of designing, manufacturing and selling leather garments. In November 1989, Dikarpa entered into an agreement with Samsung America, Inc. ("Samsung") and Nadja International Trading Corporation ("Nadja") to sell over 7,000 leather garments to Samsung and Nadja, for the sum of $890,448 (the "Agreement"). To pay for the garments, Samsung opened an irrevocable letter of credit with BONY in the amount of $871,711 in favor of Dikarpa on or about December 12, 1989. The letter of credit, which was expressly made subject to the Uniform Customs and Practices for Documentary Credits (the "UCP"), permitted partial shipments of the garments and provided that payment for each shipment would be drawn against the letter of credit. Payment would be made upon the presentation of certain required documents within 15 days of the onboard date of the bill of lading. The letter of credit provided two deadlines for the shipping of different styles, January 20, 1990 and February 20, 1990. The letter of credit expired on March 11, 1990.

Plaintiff made its first shipment on or about January 24, 1990, and on January 30, 1990 submitted, through Bank Max Fischer C.V. ("BMF"), the draft required by the letter of credit for payment. The draft specified that the shipment was late and requested a release, or waiver, of that discrepancy. This draft was paid on or about February 14, 1990, notwithstanding the late shipment.

Dikarpa then submitted six drafts, on February 19, February 23 (two drafts), March 13 and March 23 (two drafts) for payment against the letter of credit for additional shipments. The discrepancies noted on the first four drafts were for "late shipment"; the last two also noted that the letter of credit had expired. As with the previous draft, Dikarpa requested waiver of these discrepancies and payment against the letter of credit.

Defendant did not respond to any of these six drafts nor to any inquiries made by BMF on Dikarpa's behalf. Finally, on March 26, 1990, defendant sent a telex to BMF's correspondent bank stating that its customer, Samsung, refused the first three drafts and that payment would not be made. The remaining drafts were refused on April 13 and May 15, 1990. The amount remaining on the letter of credit, after subtracting the six drafts which were never paid, is $628,014. These facts are not in dispute.

Plaintiff maintains that there was a disparity between the letter of credit and the Agreement concerning the delivery dates for the garments: the Agreement required delivery to be made between December 15, 1989 and April 15, 1990, not by February 20, 1990. Plaintiff alleges that although Dikarpa ceased shipping on March 26, 1990 because it was insecure about whether it would be paid, Dikarpa had already purchased the raw materials and assembled the leather garments as required by the Agreement. Defendant asserts that it did not pay Dikarpa against the letter of credit because Samsung refused to waive the discrepancies contained in the drafts.

Plaintiff commenced this action alleging in part that defendant's rejection of the drafts constituted an anticipatory repudiation of the entire letter of credit. Defendant moves to dismiss, or for partial summary judgment dismissing, this claim.

### DISCUSSION

Since the parties submitted documents in support and in opposition to defendant's motion, I will treat defendant's motion as one for summary judgment. The standards applicable to motions for summary judgment are well-settled. A court may grant summary judgment only where there is no genuine issue of material fact and the moving party is therefore entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Accordingly, the court's task is not to "weigh the evidence and determine the truth of the matter but [to] determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

To succeed on a claim for anticipatory repudiation of a letter of credit, plaintiff must be able to show that: 1) defendant clearly demonstrated its intent not to continue with performance, and 2) plaintiff was ready, willing, and able to perform its obligations under the contract, *i.e.*, the letter of credit.[1] *See Decor by Nikkei International, Inc. v. Federal Republic of Nigeria*, 497 F.Supp. 893, 906–07 (S.D.N.Y.1980), *aff'd*, 647 F.2d 300 (2d Cir.1981), *cert. denied*, 454 U.S. 1148, 102 S.Ct. 1012, 71 L.Ed.2d 301 (1982); *Ross Bicycles, Inc. v. Citibank, N.A.*, 200 A.D.2d 379, 380, 606 N.Y.S.2d 192, 193 (1st Dep't 1994); *see also* John F. Dolan, *The Law of Letters of Credit*, ¶ 9.02[2] at 9–7.

I do not need to analyze the first prong, however, since plaintiff, by its own admissions, cannot show the ability to perform its obligations under the letter of credit. The six drafts that were presented to defendant were discrepant and any additional drafts that would have been presented would have been similarly discrepant since the letter of credit had expired. While discrepant drafts are routinely honored, neither defendant nor Samsung was required to accept nonconforming drafts. *See Alaska Textile Co., Inc. v. Chase Manhattan Bank*, 982 F.2d 813, 816, 824 (2d Cir.1992) (noting that while "the terms and conditions of a letter of credit must be strictly adhered to," "in the vast majority of cases, the account party waives the discrepancies and authorizes payment"). Hence, no genuine issue of fact exists as to the second prong of the test.

Plaintiff's argument that it need only show its ability to fulfill its obligations on the underlying contract is rejected. The only contract governing the relationship between the parties to this action is the letter of credit, and it would be incorrect to look to the underlying contract, entered into by different parties, in analyzing plaintiff's anticipatory repudiation claim. *See Ross Bicycles, Inc. v. Citibank, N.A.*, 161 Misc.2d 351, 613 N.Y.S.2d 538, 542 (Sup.Ct.N.Y.Co.1994) ("the issuing bank's obligation to honor drafts drawn on a letter of credit by the beneficiary is separate and independent from any obligation of its customer to the beneficiary under the sale of goods contract").

It is undisputed that plaintiff could not, and cannot, meet the requirements of the letter of credit. Accordingly, defendant's motion to dismiss the anticipatory repudiation claim is granted.

SO ORDERED.

---

1. Defendant maintains that plaintiff cannot bring an action for anticipatory repudiation of the letter of credit "under the facts as alleged," since the UCP provides an exclusive remedy for plaintiff. (Def. Mem., p. 12). This argument is rejected. Since the UCP is silent on the issue of anticipatory repudiation, I must look to New York state law to determine if plaintiff may recover damages. *See Decor by Nikkei International, Inc. v. Federal Republic of Nigeria*, 497 F.Supp. 893, 906–07 (S.D.N.Y.1980), *aff'd*, 647 F.2d 300 (2d Cir.1981), *cert. denied*, 454 U.S. 1148, 102 S.Ct. 1012, 71 L.Ed.2d 301 (1982). A claim for anticipatory repudiation is permissible in letter of credit cases under New York law, and defendant has not specified particular facts that would require a different conclusion. *See, e.g., Decor by Nikkei International, Inc.*, 497 F.Supp. at 907; *Ross Bicycles, Inc. v. Citibank, N.A.*, 200 A.D.2d 379, 606 N.Y.S.2d 192, 193 (1st Dep't 1994).